**FILED**

MAY 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Chester J. Maddox,                )
                                  )
        Petitioner,               )
                                  )
    v.                            )    Civil Action No.  **08 0931**
                                  )
U.S. Parole Commission,           )
                                  )
        Respondent.               )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the petition for a writ of *habeas corpus* filed *pro se* and the accompanying application to proceed *in forma pauperis*. The Court is obligated either to issue the writ or to order respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court will grant the *in forma pauperis* application and will dismiss the petition.

Petitioner is a District of Columbia prisoner confined at the Federal Correctional Institution in Bradford, Pennsylvania. In March 1990, the Superior Court of the District of Columbia sentenced petitioner to a prison term of 4 to 16 years following a plea of guilty. Petitioner alleges that he was arrested on a parole violator warrant in 1995 but had his parole reinstated when he was acquitted of the charge supporting the warrant. Petitioner states that he "still had 6 years added to my back number pushing my parole eligibility further back," Pet. at 5, and that he is "now doing time on a sentence imposed 19 years ago." Pet. at 6.

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner invokes the double jeopardy clause, Pet. at 6, but that clause is not applicable to parole decisions. *United States v. DiFranceso*, 449 U.S. 117, 137 (1980). As his grounds for relief, petitioner relies on the District of Columbia Good Time Credits Act of 1987 ("GTCA"), D.C. Code § 24-431(a), which "provided that D.C. Code offenders receive full credit for the time spent on parole against service of the sentence," and the then-D.C. Corporation Counsel's interpretation of that statute which "explicitly mandated street time accrual for parole violators." Pet. at 5.

It is established that the GTCA does not apply to parole violators, however. District of Columbia prisoners have neither a constitutional nor a statutory right to the restoration of street-time credit once their parole is revoked. Indeed, District of Columbia law mandates that upon the revocation of parole, which may be reasonably inferred here, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a) (formerly § 24-206). *See United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) as requiring forfeiture of street-time credit on certification of question from the District of Columbia Circuit); *McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language."). In short, the GTCA is inapplicable to parole violators.

For the preceding reasons, the *habeas corpus* petition is denied. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: May 28, 2008

2